UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD E. KRYZANOWSKI, *et al.*, | ) | Case No. 13-cv-1077-L(MDD) |
| Plaintiffs, | ) ) | **ORDER DENYING DEFENDANTS'** |
| | ) | **MOTION TO DISMISS FOR *FORUM*** |
| v. | ) | ***NON CONVENIENS* [DOC. 20.]** |
| WYNDHAM HOTELS AND RESORTS, | ) | |
| LLC, *et al.*, | ) | |
| Defendants. | ) ) | |

Pending before the Court is Defendants' motion to dismiss for *forum non conveniens*. (*MTD* [Doc. 20-1].)  The motion is fully briefed.  (*Opp'n* [Doc. 23]; *Reply* [Doc. 24].)  The Court found this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d.1).  (*Order re: Oral Argument* [Doc. 25].) For the following reasons, the Court **DENIES** Defendants' motion.

//

//

//

//

//

//

//

13cv1077

## I.    BACKGROUND

According to the Second Amended Complaint[1], Plaintiff Roxane Amundson ("Amundson"), a Canadian citizen, traveled to the city of Cabo San Lucas in the State of Baja California Sur, Mexico with her cousin and decedent Ronda Cross ("Cross").  (*SAC* ¶¶ 4, 6.)

On March 3, 2012, Amundson booked a scuba diving excursion with Conquest Divers of Cabo San Lucas ("Conquest Divers").  (*SAC* ¶ 10.)  Amundson alleges that the air tanks provided to Conquest Divers for the excursion were filed by Sunshine Dive & Charter ("Sunshine").  Sunshine was a tenant of the Wyndham Cabo San Lucas Resort ("Wyndham Resort").  (*Id.* ¶ 8.)  Amundson claims that Wyndham Resort "supervised, controlled, advertised, endorsed, recommended, employed and contracted with Sunshine to provide said excursions." (*Id.*)

Upon arrival to the dive site aboard a Conquest Divers vessel, Amundson and Cross began their scuba dive.  (*SAC* ¶ 11.)  Amundson claims that "the air tanks provided . . . were filled with a toxic gas, or other hazardous substance" and as a result, "the decedent died and plaintiff Amundson suffered personal injuries and severe emotional distress."  (*Id.*)  Based on the foregoing, the Second Amended Complaint includes causes of action for negligence and strict products liability against Wyndham Hotels and Resorts and AMX Baja Holdings S de R L de CV("Defendants").  (*SAC* ¶¶ 12-17, 18- 25.)

Defendants now move to dismiss the matter for *forum non conveniens*.  Defendants argue that the case should be dismissed because "1) [t]he State of Baja California Sur, Mexico, provides an alternative forum in which this action should be tried; 2) Mexican law provides adequate alternative forum to hear Plaintiff Amundson's claims; 3) [t]he private interest factors associated with this dispute favor a dismissal for *forum non conveniens*; and 4) [t]he private [sic] interest factors associated with this dispute favor a dismissal for *forum non conveniens*."

---

[1]  This case was initially filed in California state court with Edward Kryzanowski, Dora Kryzanowski, and Roxane Amundson as named plaintiffs.  (*Original Complaint* [Doc. 1-1] 2.) When the Second Amended Complaint was filed, only Roxane Amundson was named as a plaintiff.  (*SAC* 1.)

13cv1077

1   (*MTD* 2-3.)

2

3   **II.    LEGAL STANDARD**

4        A court may decline to exercise jurisdiction in a case where litigation in a foreign forum

5   would be more convenient for the parties.  *Gulf Oil Corp. V. Gilbert*, 330 U.S. 501, 504 (1947).

6   When considering a motion to dismiss under *forum non conveniens*, a court must examine: "(1)

7   whether an adequate alternative forum exists; and (2) whether the balance of private and public

8   interest factors favors dismissal."  *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir.

9   2001).  A foreign forum is adequate when it provides the plaintiff with a sufficient remedy for

10  his wrong.  *Id*. at 1143.   "The defendant bears the burden of proving the existence of an

11  adequate alternative forum."  *Cheng v. Boeing Co.* 708 F.2d 1406, 1411 (9th Cir 1983). To make

12  its determination, a court may consider declarations outside the pleadings.  *U.S. Vestor, LLC v.*

13  *Biodata Info. Tech. AG*, 290 F.Supp.2d 1057, 1062 n. 1 (N.D.Cal.2003) (citing *AT & T v.*

14  *Compagnie Bruxelles Lambert*, 94 F.3d 586, 589-591 (9th Cir.1996)).

15       "[T]he standard to be applied [to a motion for dismissal on the ground of *forum non*

16  *conveniens*] is whether . . . defendants have made a clear showing of facts which . . . establish

17  such oppression and vexation of a defendant as to be out of proportion to plaintiff's

18  convenience, which may be shown to be slight or nonexistent . . . ."  *Cheng v. Boeing Co.* 708

19  F.2d 1406, 1410 (9th Cir 1983).  In other words, *forum non conveniens* is "an exceptional tool to

20  be employed sparingly."  *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000).

21

22  **III.    DISCUSSION**

23       Defendants argue that Amundson's suit should be dismissed because Mexico provides a

24  more convenient forum.  (*MTD* ¶¶ 5-14.)  Amundson opposes dismissal, contending that her

25  selection of forum was not "abusive" and Mexico is not an adequate alternative forum for her

26  claims.  (*Opp'n* ¶¶ 4-18.)  For the following reasons, the Court agrees with Amundson.

27       As an initial matter, it appears that Amundson does not refute Defendants' claim that the

28  case at bar could have been brought in the state of Baja California Sur, Mexico.  (*MTD* 5-6; *See*

13cv1077

1   *generally Opp'n.*)  Therefore, for purposes of this motion, the Court finds that the courts of Baja

2   California Sur provide an alternative forum for this case.  The Court must next determine if this

3   alternative forum is "adequate."

4        In support of their claim that Mexican courts provide an adequate forum for Amundson's

5   claims, Defendants argue that "Mexican law provides remedies quite comparable to those

6   available in California."  (*MTD* 7.)  Defendants make a number of arguments in support of this

7   claim, all buttressed by a declaration of their expert on Mexican law, Manuel Garcia Pimentel

8   Caraza[2].  First, they suggest that "Plaintiff Amundson's remedy for her tort claim of negligence

9   would be available by bringing claims for breach of non-contractual obligations (i.e., a tort at

10  common law) for any negligence on part of the Defendants that might have caused Plaintiff

11  Amundsun's [sic] damages."  (*Id.*; *Decl. Caraza* ¶ 31.)  Second, Defendants explain that if

12  Amundson prevails in her breach of non-contractual obligations claims in Mexico, she would be

13  entitled to indemnification according to Mexican Federal Civil Code 1915 ("MFCC").  (*MTD* 7;

14  *Decl. Caraza* ¶ 54.)  Third, Defendants contend that even though Amundson's recovery is

15  limited by MFCC 1915, it is still adequate, as courts have found that even when "foreign law

16  imposes a severe limit on damages recoverable by a plaintiff, rendering the claim uneconomic to

17  pursue, [this] does not necessarily render the remedy inadequate."  (*MTD* 7.)  Defendants never

18  address whether Mexican law provides an adequate forum for Amundson's strict products

19  liability claims.  (*See generally MTD.*)

20       Amundson does not directly address these points, but instead presents an argument,

21  supported by her expert on Mexican law, Luis Miguel Krasovsky[3], that trumps Defendants'

22

23       [2]  Amundson does not object to Mr. Caraza's qualifications as an expert, so for purposes
     of this motion, the Court accepts Mr. Caraza's claims with respect to Mexican law.

24

25       [3]  Defendants do not object to Mr. Krasovsky's qualifications as an expert, so for
     purposes of this motion, the Court accepts Mr. Krasovsky's claims with respect to Mexican law.
26   Defendants have, however, requested that the Court disregard Mr. Krasovsky's declaration
     because it is irrelevant and lacks foundation.  (*Defs.' Objections* [Doc. 24-1] 3.)  Defendants
27   contend that Mr. Krasovsky's declaration was prepared in support of an opposition in another
     related case, and does not address the parties and laws at issue in this matter.  However, after a
     review of the declaration, the Court finds that it is both relevant and does not lack foundation.  It
28   does appear that the declaration was drafted in connection with another case given the caption on

13cv1077

1   position. According to Amundson, "Mexico has a very limited system of damages and liability

2   for damages can only be imposed on the wrongdoer itself." (Opp'n 8.) This appears to be

3   supported by Krasovsky's declaration. (*Decl. Krasovsky* ¶ 5.) Amundson argues that because

4   Defendants' "liability is vicarious, which lacks the cause and effect relationship necessary to

5   impose liability" required under Mexican law, Amundson "has no meaningful remedy at all."

6   (*Opp'n* 7, 8.) This is also supported by Krasovsky's declaration, as he opines that none of the

7   Defendants would be subject to "any liability derived from the death of an individual." (*Decl.*

8   *Krasovsky* 6.) So, according to Amundson, the Mexican forum is inadequate because it does not

9   provide for liability for Defendants, while the present forum does.

10        Instead of addressing Amundson's argument regarding liability, Defendants use their

11   reply to rehash the arguments they made in favor of Mexican courts providing an "adequate"

12   alternative forum. (*Reply* 4, 5.) Defendants' failure to address this claim concedes its validity

13   for purposes of this motion. Thus, Amundson has established that Mexico does not provide an

14   adequate forum for her claims because Mexican law affords her no remedy at all against the

15   Defendants. *See Piper*, 454 U.S. at 254; *see also Lueck*, 236 F.3d at 1143.

16        In light of the foregoing, the Court finds that Defendants have failed to meet their burden

17   to provide "a clear showing of facts which . . . establish such oppression and vexation of

18   [Defendants] defendant as to be out of proportion to [Amundson's] convenience."[4] *Cheng,* 708

19   at 1410. Therefore, Defendants' motion to dismiss is **DENIED**. Because Defendants fail to

20   establish that Mexico provides an adequate alternative forum, the Court need not address the

21   parties' arguments with respect to the private and public interest factors. *See Lueck*, 236 F.3d at

22

23

24   the bottom of the paper. This alone, does not make the document inadmissable. Indeed, Defendants concede that the document was prepared for a case involving "the same incident." (*Id.* 3.) Moreover, Defendants' unsupported argument that the document "does not address the

25   parties and laws at issue in this matter" is belied by even a cursory reading of the declaration. Therefore, the Court **DENIES** Defendants' objection. The Court does not reach Defendants'

26   other objections, as the material objected to is not relied on the Court's analysis.

27      [4] The Court also notes that nowhere in their motion to dismiss do Defendants address Amundson's claims under a strict liability theory. So, even if the Court were inclined to dismiss

28   Amundson's negligence claims, it could not dismiss her strict liability claims as requested.

13cv1077

1142.

## IV.    <u>CONCLUSION AND ORDER</u>

In light of the foregoing, the Court **DENIES** Defendants' motion to dismiss for *forum non conveniens*.

**IT IS SO ORDERED.**

DATED: March 6, 2014

_____
M. James Lorenz
United States District Court Judge

13cv1077